```
            IN THE UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF TEXAS
                   FORT WORTH DIVISION
```

| | | |
|---|---|---|
| PETRICA CHEATHAM | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-638-Y |
| | § | |
| FARMERS INSURANCE GROUP | § | |

## ORDER DENYING MOTION TO DISMISS AND REQUIRING A MORE DEFINITE STATEMENT

On September 9, 2011, *pro-se* plaintiff Petricia Cheatham filed her complaint against Farmers Insurance Group ("Farmers"). That same day, Cheatham's motion to proceed in forma pauperis was granted subject to this Court's continued review of her case under 28 U.S.C. § 1915(e). Subsequently, after determining that Cheatham's complaint was not frivolous, the Court entered an Order Regarding Completion and Service of Summons (doc. 13). Pursuant to that order, Cheatham completed the forms necessary for the issuance of a summons, the clerk issued the summons, and the United States marshal effected service of process upon Farmers.

Now before the Court is Farmers's Motion to Dismiss (doc. 16). Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In determining whether a complaint states a plausible claim for relief, the Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

After review of Cheatham's complaint, the Court agrees with Farmers that she has not stated a claim upon which relief may be granted. The sole claim raised by her complaint is that Farmers discriminated against her on the basis of her alleged disability, narcolepsy. To state a *prima-facie* case of disability discrimination, Cheatham must allege facts showing that she "(1) suffers from a disability; (2) was qualified for the job; (3) was subject to an adverse employment action, and (4) was replaced by a non-disabled person or treated less favorably than non-disabled employees." *Arrington v. Sw. Bell Tel. Co.*, 93 F. App'x 593, 596 (5th Cir. 2004) (quoting *Seaman v. CSPH, Inc.*, 179 F.3d 297, 300 (5th Cir. 1999)). Cheatham has not alleged facts showing that a non-disabled person replaced her at her former workplace or that she was treated less favorably than a non-disabled co-worker. Nor does she allege that she was otherwise qualified to perform the tasks associated with the job to which she was relocated. Furthermore, while Cheatham makes the conclusory allegation that "no modifications [were] made [regarding her] disability," she does not allege facts sufficient to apprise Farmers of what reasonable accommodation she claims she was denied.

Given Cheatham's *pro-se* status, however, the Court will allow her an opportunity to amend her complaint to cure the deficiencies noted in this order, as well as any others necessary to state a claim upon which relief may be granted. Farmers' motion to dismiss is DENIED. Cheatham shall have until **July 24, 2012**, to file her amended complaint.

Cheatham is advised that her amended complaint should, in clearly-labeled separate sections, provide the following:

(1) a coherent factual background for her claim;

(2) a statement of her claims or bases for relief; and

(3) a prayer at the end of the complaint clearly informing the Court what relief she hopes to obtain to remedy the harm allegedly caused to her.

Failure to timely file an amended complaint that states a claim for relief will result in the dismissal of this case.

SIGNED June 26, 2012.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE